JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MAMADOU LAMARANA BAH a/k/a BARRY SAMBA

## DEFENDANTS
CITY OF PHILA, PHILA POLICE DEPT., UPPER DARBY TWNSHP, POLICE DEPT OF UPPER DARBY, SEPTA

**(b)** County of Residence of First Listed Plaintiff  **PHILADELPHIA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **PHILADELPHIA**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KENNETH S. SAFFREN, ESQUIRE, 815 GREENWOOD AVE, #22, JENKINTOWN, PA 19046, 215-576-0100

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC SECTION 1983
Brief description of cause:
FALSE IMPRISONMENT AND INJURY UNDER 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
09/23/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1433 CLEARVIEW ST, Phila PA 19141

Address of Defendant: 1515 ARCH ST, Phila PA 19102

Place of Accident, Incident or Transaction: UPPER DARBY, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, KENNETH SAFFREN, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/23/14 _____ 44195

_____  _____
Attorney-at-Law  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/23/14 _____ 44195

_____  _____
Attorney-at-Law  Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1433 CLEARVIEW ST, Phia PA 19141

Address of Defendant: 1515 Arch ST, Phia PA 19102

Place of Accident, Incident or Transaction: Upper Darby, PA

*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No ☒

---

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Kenneth Saffren, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/23/14     _____     44195
                    Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/23/14     _____     44195
                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

MAMADOU LAMARANA BAH A|k|a : CIVIL ACTION
Baby SAMBA     v. :
:
City of Phila, et AL : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| | | |
|---|---|---|
| 9/23/14 | KENNETH SAFFREN | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.576.0100 | 215.576.6288 | KSAFFREN@SAFFWEIN.Com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAMADOU LAMARANA BAH a/k/a | : | |
| BARRY SAMBA | : | |
| 1433 Clearview Street | : | |
| Philadelphia, PA 19141 | : | |
|          Plaintiff, | : | |
|   v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF PHILADELPHIA | : | |
| One Parkway | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102-1595 | : | |
|     and | : | |
| PHILADELPHIA POLICE DEPARTMENT | : | CIVIL ACTION COMPLAINT |
| One Parkway | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102-1595 | : | NO.: |
|     and | : | |
| UPPER DARBY TOWNSHIP | : | |
| POLICE DEPARTMENT | : | |
| 7236 West Chester Pike | : | |
| Upper Darby, PA 19082 | : | |
|     and | : | |
| UPPER DARBY TOWNSHIP | : | |
| 5104 State Road | : | |
| Upper Darby, PA 19082 | : | |
|     and | : | |
| SEPTA | : | |
| 1234 Market Street, 4th Floor | : | |
| Philadelphia, PA 19107 | : | |
|         Defendants. | : | |

## JURISDICTION

This action is brought pursuant to 42 U.S.C. Section 1983.  Jurisdiction is based upon 28

U.S.C. Section 1331 and 1343(1), (3), (4), and the aforementioned statutory provision.  Plaintiffs

further invoke the pendent and ancillary jurisdiction of this Court to hear and decide claims

arising under state law.

## VENUE

Venue is proper under 28 U.S.C. Section 1391(b) because the cause of action upon which the Complaint is based arose in Upper Darby, Pennsylvania and Philadelphia, Pennsylvania which is in the Eastern District of Pennsylvania.

## PARTIES

1.  Plaintiff, Mamadou Lamarana Bah a/k/a Barry Samba (hereinafter "Samba"), is a citizen and resident of the City Philadelphia, and the Commonwealth of Pennsylvania.

2.  Defendant City of Philadelphia is a municipality in the City of Philadelphia, Philadelphia County existing under the laws of the Commonwealth of Pennsylvania.

3.  Defendant City of Philadelphia Police Department is a municipal agency in the City of Philadelphia, Philadelphia County existing under the laws of the Commonwealth of Pennsylvania.

4.  Defendant Upper Darby Township is a municipality in the Commonwealth of Pennsylvania existing under the laws of the Commonwealth of Pennsylvania.

5.  Defendant Upper Darby Township Police Department is a municipal agency in the Commonwealth of Pennsylvania existing under the laws of the Commonwealth of Pennsylvania.

6.  Defendant, SEPTA is a municipal agency and operates in the City and County of Philadelphia and the Township of Upper Darby existing under the laws of the Commonwealth of Pennsylvania.

7.  At all times relevant herein the aforementioned Defendants each individually

employed Police Officers who were at all times relevant hereto officers with the City of Philadelphia Police Department, the Upper Darby Township Police Department, and SEPTA, and are being sued both individually and as officers, agents and/or employees of their respective employer.

## FACTS

9.     On or about September 24, 2012, Plaintiff, was lawfully at the 69th Street Terminal as a business invitee.

10.    At the aforementioned time and place, Defendants, improperly forcibly seized, assaulted, battered and detained Plaintiff.

11.    Plaintiff was improperly arrested, detained, and jailed and was grabbed with excessive force by his arm to improperly arrest Plaintiff, and said officers placed the handcuffs on Plaintiff without probable cause, improperly, and to tightly causing injury.

12.    The SEPTA officers negligently arrested and detained Plaintiff, grabbed Plaintiff with excessive force by his arm to improperly arrest Plaintiff, and said officers placed the handcuffs on Plaintiff without probable cause, improperly, and to tightly causing injury.

13.    The SEPTA officers negligently arrested Plaintiff, as he was the improper suspect and negligently provided him to the Upper Darby and/or City of Philadelphia Police Departments.

14.    The SEPTA officers and employees improperly and negligently failed to detain, restrain, and remove the proper individuals who may have been creating a nuisance on the date in question.

15.     Said SEPTA Officers improperly and negligently failed to identify the proper individuals who may have been the proper suspect.

16.     SEPTA failed to properly hire, train, and supervise said officers and/or employees.

17.     The negligence of said SEPTA Officers and employees of Sugarhouse in failing to properly detain, restrain, and arrest the proper individuals caused said injuries to Plaintiff.

18.     Said officers arrested Plaintiff without probable cause.

19.     Plaintiff was threatened, intimidated and accosted by Defendant Officers.

20.     The assault, battery and detainment of Plaintiff committed by Defendants was conducted in a violent and abusive manner, during the course of which Officers, pulled, shoved, twisted Plaintiff's arm, placed handcuffs on to tightly, and verbally assaulted and abused Plaintiff with the intent and purpose of humiliating and embarrassing Plaintiff in the presence of the public in general and, particularly, the people present at the scene.

21.     At the direction of Defendants, Police Officers unlawfully imprisoned and detained Plaintiff without warrant, probable cause and/or lawful cause whatsoever.

22.     As a direct and proximate result of the aforementioned acts and omissions of the Defendants, Plaintiff, suffered and continues to suffer from but not limited to the following:

    A.     Severe degradation, humiliation, embarrassment, emotional stress and anxiety;

    B.     Extreme fear, anxiety and paranoia especially upon seeing police officers

and constables;

C.      Damage to his reputation;

D.      Having been and may continue to be prevented to attending to some or all of his usual daily activities to his great detriment and loss;

E.      Injuries to his left wrist;

F.      Post-Traumatic Stress/Anxiety Syndrome including but not limited to sleeplessness and feelings of despair.

G.      Injuries to his nerves and nervous system;

23.      As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff, has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical expenses for an indefinite period of time in the future, to his great detriment and loss.

24.      As a direct and proximate result of the aforementioned actions of Defendants, Plaintiff, has suffered a severe loss of earnings and impairment of his earning capacity or power, which will continue for an indefinite period of time in the future to his great detriment and loss.

25.      As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff, has and will thereafter incur other financial expenses and losses.

26.      As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff, has suffered agonizing aches, severe physical trauma and pains, contusions, bruises, numbness, disability, mental anguish, humiliation and emotional distress and he will continue to suffer the same for an indefinite time in the future, to his great detriment and loss.

## COUNT I
## 42 U.S.C. SECTION 1983 AND 1988

27.    Paragraphs 1 through 26 are incorporated herein by reference as though fully set

forth herein at length.

28.    As aforementioned, Defendant, Police Officers, acted in the course and scope of

their employment, under the color of state law, and pursuant to the customs,

policies and practices of the Defendant City of Philadelphia and Township of

Upper Darby intentionally and maliciously assaulted Plaintiff and

detained Plaintiff without probable cause, without due process of law and

depriving him of the equal protection of the law and depriving them of the

privileges and immunities afforded to citizens of the United States, all of which

actions violated the Plaintiffs' rights under the Fourth, Fifth,

Sixth and Fourteenth Amendments of the Constitution of the United States, laws

of the United States and in violation of 42 U.S.C. Section 1983.

29.    As aforementioned Defendants, Police Officers , acted in the course and scope of

their employment, under the color of state law, and pursuant to the customs,

policies and practices of the Defendant, City of Philadelphia  and Township of

Upper Darby when they intentionally and maliciously threatened, accused,

humiliated and insulted the Plaintiffs and used their authority illegally and

improperly to punish the Plaintiffs all of which violated the Plaintiffs' rights

under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments of the

Constitution of the United States, the laws of the United States and in  violation of

42 U.S.C. Section 1983.

30.    As aforementioned, Defendants, Police Officers, acting in the course and scope of

their employment under the color of state law, and pursuant to the customs, policies and practices of Defendant City of Philadelphia and Township of Upper Darby were verbally and physically abusive to Plaintiffs, overlooked the verbal and/or physical abuse of the Plaintiffs by others and failed to take remedial measures to stop the verbal and/or physical abuse of the Plaintiffs all of which violated the Plaintiffs' rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and in violation of 42 U.S.C. Section 1983.

31.   The above described actions of Defendants, Police Officers, acting in the course and scope of their employment under the color of state law, and pursuant to the customs, policies and practices of Defendant City of Philadelphia and Township of Upper Darby, were so malicious intentional and/or grossly negligent, displayed such a reckless indifference to the Plaintiffs' rights and well being that the imposition of punitive damages is warranted against Defendants, Police Officers individually.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988 Plaintiff, demands compensatory and punitive damages against all named Defendants in an amount in excess of $150,000.00.

**COUNT II**
**EXCESSIVE FORCE**
**42 U.S.C. SECTION 1983 AND 1988**

32.     Paragraphs 1 through 31 are incorporated herein by reference as though each were

        fully herein set forth at length.

33.     The injuries and damages aforementioned were caused solely and exclusively by

        the carelessness and negligence of the Defendants, Police Officers, acting in the

        course and scope of their employment under the color of state law, and pursuant

        to the customs, policies and practices of Defendant City of Philadelphia and

        Township of Upper Darby, Defendants police officers, constables agents and/or

        employees.  In addition to that mentioned above consisted of the following:

        A.      Failing to restrain the unreasonable seizure of persons without probable
                cause, without valid warrants by Defendants, police officers and/or
                constables;

        B.      Failing to properly supervise and/or control police officers and/or other
                agents of Defendant City of Philadelphia and Township of Upper Darby;

        C.      Using excessive force and inappropriate means by which to subdue
                Plaintiff and take him into police custody;

        D.      Failing to properly train, test and/or select police officers and/or
                constables;

        E.      Failing to exercise due care for the Plaintiffs' safety under the
                circumstances;

        F.      Failing to prevent Plaintiff from being falsely invaded, falsely imprisoned
                and maliciously prosecuted by its officers where Defendants knew or had
                reason to know the previous conduct of said officers;

        G.      Otherwise acted without due regard for the rights, safety and position of
                the Plaintiffs herein; and

        H.      Otherwise violating the ordinances of the City of Philadelphia and
                Township of Upper Darby and statutes of the Commonwealth of
                Pennsylvania.

WHEREFORE, Plaintiff, demands judgment against all Defendants jointly and severally in an amount in excess of $150,000.00 plus costs, attorney fees and delay damages.

## COUNT III
## FALSE ARREST AND FALSE IMPRISONMENT

34.     Paragraphs 1 through 33 are incorporated herein by reference as if each were set forth herein at length.

35.     Defendants, Police Officers, intentionally caused the false arrest and imprisonment of the Plaintiffs without probable cause, without privilege and against the Plaintiff's will.

36.     As a direct and proximate result of the malicious and intentional acts of the Defendants' and their employees, Plaintiff suffered injuries which are described above.

37.     The above described actions of Defendants, Police Officers, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted against Defendants individually.

WHEREFORE, Plaintiff, demands compensatory and punitive damages against the Defendants jointly and severally to the common law torts of false arrest and false imprisonment and in an amount in excess of $150,000.00 plus costs, interest, attorney fees and delay damages.

**COUNT IV**
**INFLICTION OF EMOTIONAL DISTRESS**
**42 U.S.C. SECTION 1983 AND 1988**

38.  Paragraphs 1 through 37 are incorporated herein by reference as if each were fully herein set forth at length.

39.  Plaintiff believes and therefore aver that Defendants did inflict serious emotional distress upon the Plaintiff in a careless and reckless manner.

40.  As a direct result of the actions of the Defendants, due to the actions of Defendants, Police Officers, Plaintiff has been caused severe emotional damage and experienced great emotional trauma.

41.  Due to the negligence and recklessness of Defendant City of Philadelphia and the Township of Upper Darby individually and by and through the actions of the Police Officers consisted inter alia of the following:

     A.  Failing to have an existence and/or maintain proper personnel training procedures necessary to prevent this type of conduct;

     B.  Failing to instruct and supervise their police officers in dealing with members of the public;

     C.  Failing to restrain use of force and unlawful seizures of persons by Defendant police officers and/or constables; and

     E.  Carelessly, recklessly and negligently employing, training, supervising and implementing personnel policies and procedures as discovery will disclose and Plaintiff hereby reserves the right to include other causes of action and negligence after discovery has been completed.

WHEREFORE, Plaintiff, demands judgment against Defendants, jointly, severally and/or individually in an amount in excess of $150,000.00 plus costs, interest, attorney fees and delay damages.

## COUNT V
## NEGLIGENCE

42.    Paragraphs 1 through 41 are incorporated herein by reference as if each were fully

herein set forth at length.

43.    Defendant SEPTA's negligence and carelessness of consisted of the following:

A.    Failing to exercise due care under the circumstances;

B.    Failing to identify the proper person for arrest;

C.    Failing to properly assess a situation and diffuse any possible conflict to
protect business invitees;

D.    Failing to properly hire personnel to protect the public;

E.    Failing to properly train said personnel to protect the public;

F.    Failing to properly supervise said personnel;

G.    Negligently providing security; and

H.    Carelessly, recklessly and negligently employing, training, supervising
and implementing personnel policies and procedures as discovery will
disclose and Plaintiff hereby reserves the right to include other causes of
action and negligence after discovery has been completed.

44.    Due to the negligence and recklessness of the SEPTA, Plaintiff, suffered said

injuries aforementioned.

WHEREFORE, Plaintiff, demands judgment against Defendants, jointly, severally and/or individually in an amount in excess of $150,000.00 plus costs, interest, attorney fees and delay damages.

Respectfully Submitted,

**SAFFREN & WEINBERG**

By: _____

Kenneth S. Saffren, Esquire
Atty. I.D. No.  44195
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100

Date: ____9|23|14____